ORIGINAL

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF LOUISIANA

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 MAR -3  PH 5: 03

LORETTA G. WHYTE

| | | |
|---|---|---|
| CATHY COLE HIGHTOWER | * | CIVIL ACTION NO.: 04-0918 |
| | * | 04-0918 %w 04-1531 |
| | * | ALL CASES |
| | * | |
| VERSUS | * | SECTION I: JUDGE AFRICK |
| | * | |
| | * | MAG. 4: MAGISTRATE ROBY |
| GENUINE PARTS COMPANY, INC. | * | |
| | * | |
| | * | |
| | * | |

*************************************

## PROTECTIVE ORDER AND JOINT STIPULATION

**WHEREAS**, discovery in this action involves or will involve the disclosure of trade secrets, confidential, private, financial, personal and business information of Genuine Parts Company d/b/a NAPA Auto Parts (hereinafter "Defendant" or "GPC"), and of Defendant GPC's employees and customers; and

**WHEREAS**, discovery in this action may involve the disclosure of medical records, personal notes and financial information of Plaintiff;

**WHEREAS**, the parties agree that the only documents to be marked "Confidential" in this case will be those documents produced by Defendant that involve the disclosure of trade secrets, financial or business information, including employee personnel files of Defendant and those documents produced by Plaintiff that involve the disclosure of medical or financial information of Plaintiff; and

**WHEREAS**, it is stipulated and agreed between the parties to this action through their respective counsel, that a Protective Order should be entered in the above-captioned case;

___ Fee_____
___ Process_____
_X_ Dktd_____
_✓_ CtRmDep_____
___ Doc. No _____

**IT IS HEREBY ORDERED** that:   Defendant and (ore)

1.      Plaintiff, Plaintiff's counsel and Defendant's counsel agree that all documents

produced during the course of this litigation, and marked "Confidential" as described above, shall

not be shown, discussed or otherwise divulged to anyone unless and until the notice and

confidentiality requirements specified in the following paragraphs have been fulfilled.

2.      The information described in Paragraph 1, in addition to any other similar

documents which may be produced in response to discovery requests, shall be subject to the

following restrictions:

A.      The protected documents shall not be used for any purpose other than this

litigation and under no circumstances shall the protected documents be used for any

personal, business, competitive or other purposes whatsoever.   Notwithstanding this

provision, it is agreed that the parties can utilize their own documents produced pursuant to

this Protective Order as each party sees fit.

B.      None of the protected documents shall be given, shown, made available or

communicated in any way to anyone other than counsel of record for the Plaintiff and

Defendant in this litigation, paralegals and/or clerical staff, trial witnesses (expert and fact),

the Court and jury in the course of judicial proceedings in this case, and to any other person

if necessary and essential to aid in the preparation of this case.   Notwithstanding this

provision, it is agreed that the parties can utilize their own documents produced pursuant to

this Protective Order as each party sees fit.

C.      It is the responsibility of counsel in this litigation to maintain all of the

protected documents in a secure and appropriate manner so as to allow access to any of the

protected documents only to persons permitted by this Protective Order.

D.     To the extent that any of the protected documents or portions thereof are contained in or attached to any materials required to be filed with the Court, such materials shall be filed under seal.

E.     Each person to whom any protected documents are given, shown, made available or communicated, with the exception of Defendant GPC's management, shall agree in writing to be bound by the terms of this Order and shall execute the Confidentiality Agreement attached as Appendix "A".   Counsel for the party giving, showing, making available or communicating the protected documents to another shall be required to maintain a file of each such written agreement, referred to as the Confidentiality Agreement file.

F.     In any proceeding initiated by Plaintiff or Defendant to gain relief from a violation of this Order, the Confidentiality Agreement file and its contents will be made available to the Court and the party initiating the proceeding.   In any case, each Confidentiality Agreement will be delivered to opposing counsel when this litigation is concluded.

G.     Within thirty (30) days after the conclusion of this litigation, by settlement or adjudication, including any appellate proceedings, all documents produced by Defendant and any copies of documents produced by Defendant in Plaintiff's possession shall be returned to Defendant's counsel.  Similarly, within thirty (30) days after the conclusion of this litigation, by settlement or adjudication, including any appellate proceedings all documents produced by Plaintiff and any copies of documents produced by Plaintiff in Defendant's possession shall be returned to Plaintiff's counsel.   The inadvertent or unintentional disclosure of any protected documents, including attorney-client privileged

3

materials, shall not be construed to be a waiver, in whole or in part of a claim of confidentiality either as to the specific protected document disclosed or as to any other related information.

H.   Designation of any protected documents to be subject to this Order shall have no meaning or affect whatsoever with respect to the substantive issues in this proceeding or the claims or defenses of the Plaintiff or Defendant.

I.   The agreement of the parties stipulated in this Order does not constitute an admission or agreement that any protected document is subject to this discovery, or is admissible as evidence, in this case.

3.   This Order is without prejudice to the right of any party to seek modification to this Order from the Court with respect to any specific protected information or document.

SO ORDERED, this ___4___ day of ~~February~~ March, 2005.

_____
JUDGE

Agreed to this _28th_ day of February, 2005.

_____
Patricia E. Simon
Georgia Bar No. 618233
Christine S. Tenley
Louisiana Bar No. 25895
**MARTENSON, HASBROUCK & SIMON LLP**
3379 Peachtree Road, N.E.
Suite 400
Atlanta, GA  30326
Telephone (404) 909-8100
Facsimile  (404) 909-8120

--AND—

Edward F. Harold

_____
Susan F. Clade (#1033)
Attorney at Law
3350 Ridgelake Drive, Suite 200
Metairie, LA 70002
Telephone (504) 488-5596

**ATTORNEY FOR PLAINTIFF**

**FISHER & PHILLIPS LLP**
201 St. Charles Ave., Suite 3710
New Orleans, LA 70170-3710
Telephone (504) 592-3801
Facsimile  (504) 529-3850

**ATTORNEYS FOR DEFENDANT**

On Behalf of GPC
**DEFENDANT**

Cathy Cole Hightower
**PLAINTIFF**

## APPENDIX "A"

## <u>CONFIDENTIALITY AGREEMENT</u>

_____ hereby acknowledges that he or she, whichever is appropriate, has read the Protective Order entered by this Court in *Cathy Cole Hightower  v. Genuine Parts Company, Inc.*, case numbers 04-0918c/w and 04-1531; that he or she acknowledges being bound by the terms of this Order and that he or she fully understands the terms of said Order.

BY:_____